IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA H. YATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07cv552-CSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Laura H. Yates ("Yates"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. Yates then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The Appeals Council's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

now before the court for review pursuant to 42 U.S.C. § 405(g) and § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. § 404.1520, §416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Administrative Proceedings

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

Yates was 47 years old at the time of the hearing before the ALJ. (R. 180.) She is a high school graduate and has completed two semesters at Auburn University. (*Id.*) Yates' prior work experience includes working as a medical transcriber and a gas station attendant. (R. 180-81.) Yates alleges that she became disabled due to back and leg problems, fibromyalgia, and mitral valve prolapse. (R. 49.) Following the administrative hearing, the ALJ concluded that Yates has severe impairments of fibromyalgia, mitral valve prolapse, osteoarthritis, and morbid obesity and a non-severe impairment of depression. (R. 16.) The ALJ determined that Yates is able to return to her prior work as a medical transcriber. (R. 21.) Accordingly, the ALJ concluded that Yates is not disabled. (R. 22.)

### IV. The Issues

In her brief, Yates raises the following claims:

(1) The Commissioner's decision should be reversed, because the ALJ's residual functional capacity lacks the support of substantial evidence.

(2) The Commissioner's decision should be reversed, because the ALJ erred in rejecting Yates' subjective testimony without providing adequate reasons that were grounded in the evidence of record.

(3) The Commissioner's decision should be reversed, because the ALJ failed to make specific findings regarding the mental demands required of Yates' past relevant work.

(4) The Commissioner's decision should be reversed, because the ALJ did not consider Yates' poverty or fulfill his duty to develop the record.

(Doc. No. 12, pp. 10-11.)

## IV. Discussion

Yates raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of Yates' specific arguments because the court concludes that the Commissioner erred as a matter of law, and thus, this case is due to be remanded for further proceedings.

Yates asserts that the ALJ failed to properly evaluate and credit her complaints of pain and failed to consider the combination of her impairments when determining that she has the residual functional capacity to return to her past work as a medical transcriber. In his analysis, the ALJ determined as follows:

> As for the 96-7p (pain) standards, it is well know that pain is a subjective symptom that is not measurable and it is recognized that there are many disorders in which the common symptom is constant, unremitting pain which is not responsive to therapeutic measures. Pain can be an important factor is causing functional loss. However, it can constitute disability for Social Security benefits purposes only if it is not remediable, if it is of such degree as to preclude an individual from engaging in substantial gainful activity, and if it associated with relevant abnormal findings. These factors are not of significant degree as evidenced by the claimant's records. In concluding that the claimant's impairment is not of sufficient severity to preclude engagement in a full range of sedentary work, the Administrative Law Judge does not intend to minimize any pain which may be experienced or that work might produce. In attempting to assess the functional limitations imposed by such pain, however, the Administrative Law Judge must rely upon the medical facts and clinical findings which would bear on this question. In this case, the medical evidence does not document

> a continuing impairment of incapacitating proportions, i.e., one which would produce pain of such intensity that the ordinary physical activity necessary to perform basic work-related functions would be impossible or contraindicated for a continuous period of twelve months or more. The Administrative Law Judge does not imply that the claimant is symptom-free, but a review of the evidence in this case persuades the undersigned that the claimant's complaints of pain and incapacitation are not credible when viewed in the light of the medical findings and claimant's own testimony.
>
> As for the opinion evidence, no physician, either treating, reviewing, or consulting, has found her disabled and this fact is entitled to great weight. 230 CFR Part 404, Subpart P, Sections 404.1529 and 416.929 discuss the need for medically determinable impairments substantiated by the appropriate tests and laboratory findings such as to support a finding of a severe disability. These are lacking herein. Specifically, no trigger points or rheumatological evaluation is shown, she has never required an ejection fraction for her mitral valve prolapse and the record does not even include electrocardiogram, a routine test. These and other tests have not been overlooked; they have not been done because all of her physical examinations are essentially normal and what abnormalities do show (such as difficulty getting about) are the results of her overeating.
>
> She has been minimally complaint [*sic*] with advice to lose weight and this has had an adverse effect on her musculoskeletal and cardiovascular systems.

(R. 21.)

The ALJ discredited Yates' pain testimony because she failed to secure medical treatment. While failure to seek treatment is a legitimate basis to discredit the testimony of a claimant, it is the law in this circuit that poverty excuses non-compliance with prescribed medical treatment or the failure to seek treatment. *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988). During the hearing, Yates testified that she cannot afford medical treatment and

does not have health insurance. (R. 188.) She also stated that she obtains Ultracet and Flexeril for free by using a PPA card. (*Id.*) In addition, the medical records are replete with references to Yates' inability to afford medical treatment. For example, in July 2004, Dr. Edwin Lyle, an orthopedic surgeon, "highly recommended some physical therapy," as well as a steroid Dosepak, to treat Yates' chronic low back pain, specifically noting that "she does not have insurance so she will try this on her own." (R. 130.) In February 2005, a consultative osteopathic specialist noted that financial reasons prevented Yates from continuing treatment with a rheumatologist. (R. 147.) A consultative psychologist also noted that "Ms. Yates has no health insurance, so she has limited medical visits." (R. 162.) In March 2005, another consultative physician noted that Yates did not return for a follow-up appointment with a rheumatologist due to financial problems. (R. 156.) The record further demonstrates that, on occasion, medical personnel provided samples of medication. (R. 107, 173.) When discrediting Yates' pain testimony and concluding that the lack of medical records establish that Yates has the residual functional capacity to return to her past relevant work, the ALJ failed to consider whether Yates' financial condition prevented her from seeking medical treatment. Thus, the court concludes that the ALJ erred as a matter of law in discrediting Yates' testimony based on her failure to seek medical treatment.

The court further concludes that the ALJ erroneously found that "no trigger points or rheumatological evaluation is shown." (R. 21.) The medical records indicate that, on September 22, 2004, Yates presented to Dr. Adahli Estrada-Massey, a rheumatologist, with complaints of "pain all over." (R. 126.) The rheumatologist's musculoskeletal examination

of Yates indicated 17 out of 18 pressure points.[4] (R. 127.) Given that a rheumatologist's evaluation identifying several trigger points is included in the record, this court cannot conclude that the ALJ's finding that there are no medical evaluations from a rheumatologist is supported by substantial evidence.

The court likewise questions the ALJ's determination that all of Yates' "abnormalities" are "caused by her overeating" and that her failure to comply with a physician's advice to lose weight has adversely affected her musculoskeletal system. Nothing in the medical records indicates that Yates' musculoskeletal condition, specifically fibromyalgia, is caused by overeating or a weight problem. Moreover, the causes of fibromyalgia "are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective." *Reliford v. Barnhart*, 444 F.Supp. 2d 1182, 1186 (N.D. Ala. 2006), *citing Sarchet v. Chater*, 78 F.3d 305, 306-07 (7th Cir. 1996). By concluding that Yates' failure to lose weight contributed to her fibromyalgia, the ALJ improperly substituted his judgment for that of her treating physicians. *See generally Marbury v. Sullivan*, 957 F.2d 837, 840 (11th Cir. 1992).

The court also concludes that the ALJ failed to fully develop the record with respect to Yates' mental condition. It is error for the ALJ to fail to obtain additional testing or otherwise develop the evidence, if that information is necessary to make an informed

---

[4] A non-examining consultative physician also noted that "MER from Dr. Estrada, the rheumatologist, denoted symptoms consistent with fibromyalgia with 17/18 tender points noted." (R. 156.) Additionally, Mark B. Ellis, a consultative physician and doctor of osteopathic medicine, conducted an examination of Yates and assessed that she suffers from fibromyalgia, mitral valve prolapse, and morbid obesity. (R. 150.)

decision. *See Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988). On February 1, 2005, Dr. Peggy B. Thornton, a consultative psychologist, noted that Yates has had limited medical visits due to the lack of health insurance and that she has never received psychiatric treatment. (R. 162.) After conducting a psychological evaluation, Dr. Thornton noted that Yates' prognosis was "fair to poor" and concluded as follows:

> Ms. Yates is a 45-year old woman who reported she has been diagnosed with fibromyalgia. She complained of chronic pain and fatigue as well as depressive symptoms. Ms. Yates is not receiving regular medical care or any form of treatment for her depression. Currently she is living a fairly sedate lifestyle and there may be some lack of motivation. With more intensive treatment she should be able to return to work, perhaps in a year or two, but currently she would struggle with normal work pressures.
>
> A referral to Mental Health is recommended. . . .

(R. 163.) Despite the consultative psychologist's recommendation, the ALJ failed to consider whether additional treatment for Yates' mental health problems is necessary or inquire whether her failure to pursue treatment was due to her financial condition. Moreover, given Dr. Thornton's opinion that Yates "currently . . . would struggle with normal work pressures" and that her prognosis was "fair to poor," this court cannot conclude that the ALJ's finding that no consultative physician found Yates to be disabled is supported by substantial evidence. (*Id.*)

Based on the foregoing, the court concludes that the Commissioner failed to consider Yates' financial inability to secure medical treatment for fibromyalgia and other medical conditions and failed to properly consider a psychologists opinion that Yates' mental

9

condition is disabling or fully develop the record with respect to Yates' mental and physical conditions. Therefore, it is impossible for the court to determine whether the Commissioner's decision to deny benefits was rational and supported by substantial evidence. The court therefore concludes that this case is due to be remanded.

### V. Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order will be entered.

Done this 5th day of February, 2008.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE